**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **OHIO CASUALTY INSURANCE COMPANY** §<br>§<br>§<br>**Plaintiff** §<br>§<br>**v.** §<br>§<br>**NOWAK CONSTRUCTION CO., INC.** §<br>§<br>**Defendant.** § | **CIVIL ACTION NO.**<br>3: 10 - 243 |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

     **COMES NOW**, Plaintiff **OHIO CASUALTY INSURANCE COMPANY** ("OCIS") and files this Original Complaint against Defendant **NOWAK CONSTRUCTION CO., INC.** ("NOWAK") and in support thereof will show the Court as follows:

### I.
### PARTIES

1.1    Plaintiff Ohio Casualty Insurance Company is incorporated in the State of Ohio with its principal place of business located at 9450 Seward Road, Fairfield, Ohio.

1.2    Defendant Nowak Construction Co., Inc. is a foreign corporation doing business in Texas and may be served with process by serving it registered agent, Harold Gamblin c/o Silverton Construction, at 7930 Aartcraft Road, El Paso, Texas 79932.

### II.
### JURISDICTION AND VENUE

2.1    Jurisdiction exists under 28 U.S.C. §2201 *et seq.* and Rule 57 F.R.C.P., for the purposes of determining a question of actual controversy between the parties, and under 28 U.S.C.S. §§1331 and 1332. Jurisdiction of this Court is based on the diversity of citizenship between Plaintiff and Defendant, where Plaintiff is a foreign citizen, and

---

because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2.2     Plaintiff Ohio Casualty Insurance Company is incorporated in the State of Ohio with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

2.3     Defendant Nowak Construction Co., Inc. is incorporated under the laws of the State of Kansas with its principal place of business in Goddard, Texas and authorization to do business in Texas.

2.4     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(1) and (c), because Defendant Nowak and maintains the minimum contacts necessary in the State of Texas to establish venue herein and because a substantial part of the events or omissions giving rise to the underlying lawsuit and the construction and application of the policy of insurance made the basis of this suit occurred in El Paso County, Texas.

### III.
### INTRODUCTION

3.1     This case arises out of a dispute between Plaintiff and Defendant as to the construction and interpretation of a liability insurance policy issued by OCIS to its named insured, Rockin Q Construction, LLC, and under which Nowak was defended as an additional insured in the lawsuit styled *Oscar Avalos v. Nowak Construction Co., Inc., Jaime Rojas d/b/a Construction Quality Control,* Cause No. 2008-1103 pending in the 327th Judicial District Court of El Paso County, Texas ("Underlying Lawsuit").

3.2     Plaintiff OCIS maintains that it has no obligation to further defend and/or indemnify Nowak in the Underlying Lawsuit due to the jury verdict that renders Nowak 100% liable and solely negligent for the damages suffered by Oscar Avalos and the policy language that excludes sole negligence from additional insured coverage.

3.3     OCIS seeks a declaration that it has no further duty to defend and/or indemnify Nowak in the Underlying Lawsuit based upon the terms of the subject liability policy.

## IV.
## FACTS

4.1     The Underlying Lawsuit was filed by the Avalos against Nowak for injuries suffered by Avalos while working on a project for Nowak.

4.2     Rockin Q Construction Co., LLC and Nowak entered into a contract that required Rockin Q to name Nowak as additional insured under its general liability policy.

4.3     OCIS issued liability policy number BLO (07) 53 47 03 53 to Rockin Q Construction LLC. effective 3/31/06 to 3/31/07.

4.4     The OCIS policy includes the following additional insured endorsement:

> **1.     BLANKET ADDITIONAL INSURED** (Owners, Lessees, Contractors or Lessors) (Includes a Primary/Non-Contributory provision).
>
> **Who Is An Insured – Section II** is amended to include as an insured any person or organization whom you are required to name as an additional insured on this policy in a written contract or written agreement. The written contract or written agreement must be currently in effect or becoming effective during the term of this policy and executed prior to the "bodily injury", "property damage" or "personal and advertising injury".
>
> The insurance provided the additional insured is limited as follows:
>
> * * *
>
> 2.     Caused in whole or in part by your ongoing operations performed for that insured.
>
> * * *
>
> C.     The insurance provided the additional insured does not apply to the liability resulting from the sole negligence of the additional insured.

4.5    There is no duty on the part of OCIS to continue defense, appeal and/or indemnify Nowak under the OCIS policy because the verdict in the Underlying Lawsuit renders Nowak solely liable and 100% negligent for the damages suffered by Avalos.

## V.
## DECLARATORY JUDGMENT

5.1    OCIS incorporates the factual allegations made in paragraphs 4.1 through 4.5, and it incorporates those allegations herein by reference for all purposes, as though more fully set forth in detail.

5.2    OCIS seeks a declaration that Nowak does not qualify as additional insured under the OCIS policy based upon the jury verdict in the Underlying Lawsuit.

5.3    OCIS, therefore, seeks a declaration that there is no duty on the part of OCIS to continue defense, appeal and/or indemnify Nowak under the OCIS policy because the verdict in the Underlying Lawsuit renders Nowak solely liable and 100% negligent for the damages suffered by Avalos.

## VI.
## PRAYER

6.1    For the reasons stated, Plaintiff prays that the Defendant be cited to appear herein and that upon final disposition of this cause Plaintiff take:

a.    A declaration that Ohio Casualty Insurance Company has no duty defend, appeal, and/or indemnify Nowak in the Underlying Lawsuit.

b.    Attorneys fees;

c.    Costs of Court; and

d.    All such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

COOPER & SCULLY, P.C.

By: _____
    R. Brent Cooper
    State Bar No. 04783250

Founders Square
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR PLAINTIFF, OHIO
CASUALTY INSURANCE COMPANY**